IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAY CRABB, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CIV-21-303-F |
| CSAA GENERAL INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

# ORDER

Defendant CSAA General Insurance Company (CSAA), the sole remaining defendant, moves for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P. Doc. no. 10. Plaintiff Jay Crabb has responded, objecting to the motion. Doc. no. 23. CSAA filed a reply brief. Doc. no. 26.

For the reasons stated below, the motion will be denied.

## I. Standards

"A motion for judgment on the pleadings under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings by the district court…." Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.).

For purposes of Rule 12(c), the pleadings to be considered include both the complaint and the answer. As explained in United States v. Zazi, 356 F. Supp. 3d 1105 (D. Colo. 2018):

> After the pleadings are closed, a party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). When a plaintiff moves for judgment on the pleadings, the court should accept as true all factual allegations in the answer and all factual allegations from the complaint that the defendant admits or fails to deny. See Landmark Am. Ins. Co. v. VO Remarketing Corp., No. 13-cv-1386, 2014 WL 2673593, at *2 (D. Colo. June 13, 2014), aff'd, 619

> F. App'x 705 (10th Cir. 2015) (granting plaintiff's motion for judgment on the pleadings after finding no material issue in dispute as to the issues raised in plaintiff's motion, and in light of the complaint and answer).

*Id.* at 1114.

A motion for judgment on the pleadings is governed by the same standard which applies to a motion to dismiss brought under Rule 12(b)(6), Fed. R. Civ. P. As stated in Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138 (10th Cir. 2000):

> A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6). … We uphold a dismissal under Rule 12(b)(6) only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief. We likewise accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party.

*Id.* at 1160 (quotations and citations omitted).

Documents attached to the pleadings are exhibits and are to be considered in ruling on a Rule 12(c) motion. Park University Enterprises, Inc. v. American Casualty Co. of Reading, PA, 442 F.3d 1239, 1244 (10th Cir. 2006), abrogated on other grounds in Magnus, Inc. v. Diamond State Ins. Co., 545 F. Appx. 750, 753 (10th Cir. 2013). However, documents attached to pleadings are only considered to show their contents, and not to prove the truth of the matters asserted therein. *See* Tal v. Hogan, 453 F.3d 1244, 1264, n. 24 (10th Cir. 2006) (addressing a Rule 12(b)(6) motion).

## II.  Discussion

This action alleges breach of a homeowners insurance policy and bad faith on the part of the insurer, CSAA. Doc. no. 1-1, ¶¶ 40, 45. CSAA argues the court should ignore conclusory allegations in the complaint regarding various grounds for bad faith, as CSAA contends there is only one dispute between the parties.

2

According to CSAA, the sole dispute relates to whether CSAA acted in bad faith when it denied coverage based on its position that plaintiff did not have an insurable interest in the property at the time he submitted a claim for coverage because, by then, plaintiff had closed the sale of the property and transferred title to the purchaser.

CSAA contends its position is supported by Oklahoma law. Alternatively, CSAA contends this issue (whether a plaintiff has an insurable interest if, at the time he claims coverage, he has already transferred title of the property) is an open legal question under Oklahoma law. CSAA argues that because plaintiff's claim depends on an unsettled question of law, CSAA cannot have acted in bad faith. *See generally*, Oulds v. Principal Mutual Life Insurance Co., 6 F.3d 1431, 1436 (10th Cir. 1993) (cause of action for bad faith will not lie where there is a legitimate dispute, citing Manis v. Hartford Fire Ins. Co., 681 P.2d 760, 762 (Okla. 1984), and other authorities).

The initial problem with CSAA's argument is that the allegations do not establish the sequence of events which CSAA uses to frame the purportedly unsettled legal issue upon which CSAA relies. The events which tee up that issue are that although the damage to the property occurred before the sale closed, plaintiff did not file a claim for coverage until after the sale closed. Undisputed allegations within the four corners of the complaint and the answer do not, however, establish this sequence. The pleadings do not establish the date of the event (apparently a storm) which caused the damage to the property.[1] The pleadings do not establish that this event occurred prior to the closing of the sale of the property. And the pleadings do not establish that plaintiff claimed coverage only after the sale closed.[2]

---

[1] Paragraph ¶ 41 of the complaint (doc. no. 1-1) alleges the property was damaged on March 27, 2020. But this allegation is denied in CSAA's answer. Doc. no. 9, ¶ 41.

[2] The date on which plaintiff submitted a claim for coverage is not alleged in the complaint. The complaint merely alleges that plaintiff "promptly submitted a claim" for the loss. Doc. no. 1-1, ¶ 42. This allegation is denied in CSAA's answer. Doc. no. 9, ¶ 42.

Instead of relying on undisputed allegations within the complaint or the answer to establish the relevant sequence of events, CSAA relies on documents attached to CSAA's answer, such as CSAA's claim file and denial letter. The problem with this approach is that the court, when evaluating a motion for judgment on the pleadings, may not consider documents attached to a pleading for the truth of the matters asserted within the documents. *See* Part I (Standards). Because the factual predicate which sets up the purportedly unsettled legal issue upon which CSAA relies is not established by the pleadings, the court declines to address the merits of CSAA's argument that the law upon which plaintiff's bad faith claim depends is unsettled and thus defeats the bad faith claim.

Next, CSAA argues plaintiff is not entitled to coverage unless he suffered a loss, which CSAA contends he did not. To establish that plaintiff suffered no loss, CSAA posits that the property was sold without any knowledge by either party to the sale about purported damage; that prior to closing the purchaser made no claim against plaintiff for any damage caused by the storm; and that plaintiff sold the property for the full contract price. Again, CSAA cites no allegations within the four corners of the complaint or the answer to establish these argued-for facts.[3] CSAA relies, instead, on documents attached to its answer, such as the acknowledgement and confirmation of disclosures in relation to the purchase contract, CSAA's claim file and the denial letter. Even if these documents included statements which, if credited, would establish CSAA's argued-for facts,[4] the court would not be permitted to credit such statements for the truth of the matters asserted. Accordingly, CSAA's contention that plaintiff suffered no loss is not established by the pleadings and is rejected as a basis for judgment on the pleadings.

---

[3] Based on the allegations, plaintiff's losses are disputed. Paragraph 46 of the complaint alleges that plaintiff suffered a loss of benefits owed under his policy, plus emotional distress and other consequential damages. Doc. no. 1-1, ¶ 46. CSAA's answer denies these allegations. Doc. no. 9, ¶ 46.

[4] The documents do not appear to include such statements.

CSAA also relies on an exclusion in the policy for cosmetic loss or damage to metal roof coverings when such damage is caused by hail. CSAA's answer includes an affirmative defense which alleges, in broad terms, that "Plaintiff is attempting to seek compensation for defects and/or damages which are specifically excluded in the Policy." Doc. no. 9, p. 9 of 11, ¶ 9. However, the complaint and the answer, as well as the denial letter attached to the answer, say nothing about the specific exclusion relied on by CSAA. As the pleadings do not address this exclusion, it cannot be the basis for a judgment on the pleadings.

### III.  Conclusion

After careful consideration, the court finds CSAA has not carried its burden to show that it is entitled to judgment on the pleadings. The motion is **DENIED**.

IT IS SO ORDERED this 19th day of November, 2021.

*[Signature]*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0303p005.docx